UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FRANK AMODEO, <br><br> *Plaintiff*, <br><br> v. <br><br> EXECUTIVE OFFICE FOR UNITED STATES ATTORNEYS, *et al.*, <br><br> *Defendants*. | No. 19-cv-335 (RDM) |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Frank Amodeo, is in a "unique position." Dkt. 19 at 1. On January 28, 2019, he filed this Freedom of Information Act ("FOIA"), 5 U.S.C. § 552a, action through a purported "next friend," Donovan Davis Jr., and shortly thereafter moved the court for the appointment of counsel. *See* Dkt. 1; Minute Order (May 1, 2019). As Amodeo explains (through Davis), the State of Florida has declared him incompetent to initiate, defend, or settle lawsuits, and, accordingly, has vested the authority to initiate lawsuits on his behalf in a state-appointed guardian, Mr. Charles Rahn. *See* Minute Order (Aug. 23, 2019) (taking judicial notice of the state records that reflect Amodeo's being declared incompetent and Mr. Rahn's appointment); Minute Order (Aug. 14, 2019). Rahn, however, is not an attorney, and thus, although he may initiate law suits on Amodeo's behalf, he must retain an attorney to appear before the Court in any such case. *See Cheung v. Youth Orchestra Foundation, Inc.*, 906 F.2d 59, 61 (2d Cir. 1990) (observing that the general rule in federal courts is that representative parties, such as guardians, may not appear *pro se*). The wrinkle is that Rahn claims that he "does not have the money to retain counsel [to] prosecute this action." Dkt. 19 at 2. This claim, if true, creates a dilemma:

only Rahn can initiate a suit on behalf of Amodeo, but Rahn cannot initiate suit on Amodeo's behalf because he cannot afford an attorney.

That background brings us to the instant matter. On August 23, 2019, after having repeatedly explained that Davis has not made the showing required to obtain "next friend standing," the Court ordered Amodeo to show cause "why this action should not be dismissed on the ground that it was not brought by Amodeo's legal guardian," Charles Rahn. Minute Order (Aug. 23, 2019); *see also* Minute Order (May 3, 2019) (explaining that Davis had not made an adequate showing for his invocation of next friend status); Minute Order of (Aug. 14, 2019) (same). In response, Amodeo filed material that includes a statement from Rahn attesting that he "approve[s] of Mr. Davis's filings" in this matter and that he "join[s] Mr. Davis's request that [the Court] appoint an attorney to assist Mr. Amodeo in pursuing this case." Dkt. 19 at 3. Although this filing provides evidence that Rahn is aware of and approves of this action, it does not resolve the question the Court asked Amodeo to address: *whether the case should be dismissed because it was not brought by Amodeo's legal guardian*. Moreover, appointing Amodeo counsel, as he requests, does not square with the fact that Amodeo has no capacity to sue and that the authority resides only in his guardian, Rahn.

Amodeo's failure to address that question, however, need not result in dismissal. Federal courts allow non-attorney guardians, such as Rahn, to bring limited motions, such as motions requesting the appointment of counsel, on behalf of incompetents they represent. *See Cheung v. Youth Orchestra Found. of Buffalo, Inc.*, 906 F.2d 59, 61–62 (2nd Cir. 1990). Consistent with that practice, the Court will construe Rahn's statement as a motion for the Court to appoint counsel for Rahn, so that he may act on Amodeo's behalf in this action. Appointing counsel to Amodeo's guardian would allow him, in consultation with counsel, to determine the proper

course of action for further proceedings, including perhaps, the necessity of refiling the action so that it is brought by Rahn rather than Davis.

The D.C. Circuit has held that Local Civil Rule 83.11 "provides the relevant factors for deciding motions for the appointment of counsel in FOIA cases." *Willis v. FBI*, 274 F.3d 531, 532, (D.C. Cir. 2001). Under Local Civil Rule 83.11(b)(3), the Court must consider, among other factors, the party's "inability . . . to retain counsel by other means." None of the filings in this action, however, provide any specific information about Rahn's financial status, such as his present salary, or his ability (or inability) to "afford counsel through alternative means, such as other sources of income, savings, or by entering into a contingency arrangement." *Mokhtar v. Kerry*, 285 F. Supp. 3d 56, 58 (D.D.C. 2014). The Court, of course, need not "insist that [Rahn] be destitute" before appointing counsel. *Poindexter v. FBI*, 737 F.2d 1173, 1186 (D.C. Cir. 1984). But, as the party seeking appointment of counsel, he must provide "at least some evidence of financial need." *Mokhtar*, 285 F. Supp. 3d at 58. Rahn has provided none.

Accordingly, it is hereby **ORDERED** that Charles Rahn's motion to appoint counsel is hereby **DENIED** without prejudice. Rahn may, if appropriate, refile that motion, along with evidence of his inability to retain counsel and any other pertinent information, on or before November 25, 2019. The Court will hold the case in abeyance until that time. The Court of the Clerk is directed to mail a copy of this order to Rahn at the address referenced in the motion. *See* Dkt. 19 at 5 (listing Rahn's address).

**SO ORDERED**.

                                                /s/ Randolph D. Moss
                                                RANDOLPH D. MOSS
                                                United States District Judge

Date: November 4, 2019